**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5806

HENRY H. DINGER, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-92-8)

Submitted: June 20, 1996

Decided: July 16, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assis-
tant Federal Public Defender, Charleston, West Virginia, for Appel-
lant. Rebecca A. Betts, United States Attorney, Miller A. Bushong III,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Henry H. Dinger, Jr., appeals the 24-month sentence imposed upon revocation of his supervised release. He contends that the district court did not consider the Revocation Table contained in the Sentencing Guidelines Chapter 7 policy statements, United States Sentencing Commission, Guidelines Manual, § 7B1.4(a), p.s. (Nov. 1994), as required by 18 U.S.C.A. § 3583(e) (West Supp. 1996). We affirm.

Dinger began serving a three-year term of supervised release in April 1995. In June 1995, after a hearing requested by the probation officer, the district court found that Dinger had violated a condition of his supervised release by drinking to excess on several occasions. The court modified Dinger's supervised release conditions by imposing a curfew. In July 1995, after Dinger twice failed to comply with the curfew, the district court again modified his supervised release conditions to include, among other things, electronic monitoring of his curfew, weekly meetings with a probation officer, a daily breathalyzer test, and intensive outpatient counseling for his alcohol problem.

In August 1995, Dinger was ten minutes late getting home on one occasion, tested positive for alcohol use on two occasions, and was arrested on state charges of public intoxication, disorderly conduct, obstructing an officer, and destruction of property.* At a hearing in October 1995, Dinger offered explanations for each of his violations. Through counsel he requested a sentence within the revocation range, but he also stated that he needed inpatient treatment for his alcohol problem. The government asked for a two-year sentence for the safety of the community because of Dinger's failure to control his drinking and history of alcohol-related violence. The district court revoked Dinger's supervised release and imposed a sentence of 24 months.

_____

*Dinger pled guilty to destruction of property, resisting arrest, and obstructing an officer. The other charges were dismissed.

2

Before revoking a term of supervised release, the district court should consider certain factors set out in 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1996), one of which is the applicable Chapter 7 policy statements governing the revocation of supervised release terms. See 18 U.S.C.A. §§ 3553(a)(4)(B), 3583(e). However, the Chapter 7 policy statements are not binding. United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). Having considered the relevant factors and the applicable policy statements, the court has the discretion to impose a sentence outside the ranges set out in the Revocation Table. Id.

Here, the district court expressly considered the four-to-ten month sentencing range set out in the relevant Chapter 7 policy statement, as well as the factors set out in 18 U.S.C.A. § 3553, and decided that the statutory maximum sentence of two years would be of most benefit to the public and to Dinger. The court stated that, because no further term of supervised release could be imposed once Dinger finished serving the revocation sentence, a two-year sentence provided the best opportunity for him to receive intensive alcohol treatment.

Dinger contends that the district court's reasons for imposing the maximum term were legally flawed and therefore the court cannot be said to have considered the Chapter 7 policy statements. Dinger points out that rehabilitation or the provision of medical care is not an appropriate reason for imposing a particular sentence under the guidelines. See 18 U.S.C. § 3582(a) (1988); 28 U.S.C. § 994(k) (1988). However, both protection of the public and the provision of needed medical care to the defendant are factors which the court is directed to consider under 18 U.S.C.A. § 3553(a)(2)(B)-(C) before requiring a defendant to serve all or part of his term of supervised release in prison. In sum, we find that the district court properly exercised its discretion in this case.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3